IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01685-CMA-MJW

KEVIN KING,

Plaintiff

v.

ROZEK COMPANY, an Iowa corporation, dba "Microtek,"

Defendant.

## PROTECTIVE ORDER TO RESTRICT ACCESS
( Docket p o 24 - 1 )

THIS MATTER HAVING COME BEFORE THE COURT ON THE STIPULATED MOTION FOR PROTECTIVE ORDER AND TO RESTRICT ACCESS filed by the parties, and the Court being fully advised in the premises, THE COURT HEREBY enters the following Protective Order to Restrict Access pursuant to FED. R. CIV. P. 26(c) and pursuant to D.C.Colo LCivR 7.2.

1. **Scope of Protective Order.** This Protective Order to Restrict Access shall govern all information produced or disclosed in the above captioned matter ("Proceeding"), whether revealed in a document, deposition, other testimony, discovery response or otherwise (collectively, the "Information") by any Party ("Producing Party") to any other Party ("Receiving Party").

2. **Reason for Restricted Access:** Documents that will be marked and produced as "confidential" include personal information such that the public view and

disclosure of which could result in stolen identity fraudulent actions, from which no recovery is available through this Court. Such restricted access information about the parties and/or witnesses to this action, including social security numbers, medical treatment records (protected by HIPPA), property addresses, phone records, Company policies and procedures, employee records (not a party to this action), tradename secrets and proprietary information. Disclosure of "confidential" information as described herein, through restricted access governed by this Court, is the only way for each party to have adequate opportunity to discover, obtain and utilize all evidence relating to their claims, counterclaims, defenses, and damages.

3. **Confidential Material.** A Producing Party may designate as "Confidential" any Information that: (a) pertains to the health or medical information of an individual and/or requires the disclosure of documents to or from the Internal Revenue Service ("IRS"); (b) has not been made public; and (c) the Producing Party would not normally reveal to third parties or would reveal to third parties only if they agreed to maintain it in confidence. Any Information maintained by a third-party agent for, or contractor of, a Producing Party may be designated "Confidential" by the Producing Party even if the Information is held by and obtained from the third party. A Producing Party may also designate as "Confidential" any Information that is required to be kept confidential by reason of an agreement or otherwise, and that would not be produced or disclosed but for the legal obligation to do so arising from the Proceeding. All such designated material, and all copies, extracts and summaries thereof, shall be considered "Confidential Material" with restrictive access pursuant to D.C.Colo LCivR 7.2.

4. **Disclosure of Confidential Material.** Confidential Material may be disclosed by the Receiving Party only to the following persons, which will identify the level of restrictive access to a "level 1":

   (a) The Parties and their principals (members, managers, officers, and directors);

   (b) The Parties' outside and in-house counsel in this Proceeding and their respective legal assistants, and clerical and other support personnel;

   (c) Outside experts and consultants and their staff retained to assist the Receiving Party in the Proceeding;

   (d) Vendors providing litigation support services, such as copying, document management, jury research, and graphics;

   (e) Court reporters and videographers;

   (f) The Court and staff; and

   (g) Any person to whom the Producing Party gives written consent.

5. **Bound by Protective Order.** Before disclosing Confidential Material to any person identified in Paragraph 3 above, excluding only the Court and its staff, counsel for the Party seeking to make such disclosure shall provide the person with a copy of this Protective Order to Restrict Access. The Parties and their counsel shall ensure that all such persons maintain the confidentiality of all Information so disclosed.

6. **Use and Maintenance of Material.** Confidential Material shall be used only for purposes of this Case and shall not be used for any other purpose, including

business or commercial purposes. Each recipient of Confidential Material shall take appropriate steps to preserve the confidentiality of all Confidential Material, shall store it in a secure place to prevent unauthorized disclosure, and shall not disclose any of its contents to any person not entitled to receive it under this Protective Order to Restrict Access will maintain such information pursuant D.C.Colo LCivR 7.2.

7. **Designation of Material.** Confidential Material shall be designated and marked in the following manner:

    (a) For documents, the Producing Party shall place a legend on each page of each document, unless the document is excessively voluminous, in which case a legend may be affixed to the first page of the document, substantially in the form "Confidential: Subject to Protective Order."

    (b) For non-written material, such as recordings, magnetic media, floppy disks, CD-ROMs, photographs, and other tangible items, the Producing Party shall place a legend substantially in the form described in subparagraph 7(a) above to the material or a container for that Confidential Material, in any suitable manner. If any Confidential Material contained on such media is printed out, such printouts will be marked as described in subparagraph 7(a) above, by the printing Party.

    (c) For transcripts of depositions or other sworn testimony, counsel for the Producing Party shall state on the record at the time of the

        testimony which portions of the testimony it deems Confidential. If no designation is made on the record, the transcript will not be deemed Confidential Material. An appropriate legend substantially in the form described in subparagraph 7(a) shall be affixed to the cover page and the designated pages of any transcript containing Confidential Material.

(d)     In responding to written interrogatories or requests for admission, the Producing Party shall state in its written responses that such responses contain Confidential Material.

(e)     Any Party [a "Providing Party"] that receives any Information from any Third Party shall provide copies thereof to all other Parties within five days of receipt. Within ten days thereafter, any Party may designate any such Information as Confidential Material by appropriate notice to the other Parties. No Party may publish any Information received from a Third-Party until after such ten day period has passed without its designation as Confidential Material by any other Party.

8.     **Inadvertent Disclosure.** Inadvertent disclosure of any Confidential Material without the appropriate designation of confidentiality will not be deemed a waiver of a later claim as to its confidential nature or stop the Producing Party from designating such Confidential Material as Confidential at a later date. Upon notice that the Producing Party intends to designate Confidential Material as Confidential, the

Receiving Party shall promptly retrieve all copies and/or summaries of the redesignated material from any persons not entitled to its receipt under this Protective Order to Restrict Access.

9. **Submission of Material to Court.** If any Party wishes to submit or present any Confidential Material before the Court, such Confidential Material shall be submitted and filed under seal and shall not be made available to anyone other than the Court and its clerks and other persons qualified under this Protective Order to Restrict Access. Envelopes used to seal such documents shall carry a legend substantially in the following form:

> CONFIDENTIAL: THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT IN CIVIL ACTION NO. **11-cv-01685-CMA-MJW** AND MAY NOT BE EXAMINED OR COPIED EXCEPT IN COMPLIANCE WITH THAT ORDER.

Those documents requiring restrictive access, will be submitted pursuant to the conditions contained in D.C.Colo LCivR 7.2(D)

9. **Confidential Treatment at Trial or Hearing.** Subject to the Federal Rules of Evidence, rules of arbitration, and/or other applicable rules, Confidential Material may be offered in evidence at trial or any hearing, provided that the proponent of the evidence gives reasonable advance notice to counsel for the Producing Party. The Producing Party shall have an opportunity to respond to that notice before any of its Confidential Material may be used by another Party at trial or a hearing before the Court. That the Material is Confidential shall not in and of itself constitute a ground for exclusion of any otherwise admissible evidence. However, the Court may fashion

limiting instructions or such other mechanisms or protections as are appropriate to protect the confidentiality of the Confidential Material.

10. **Disposition of Material.** At the conclusion of this Case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential shall be returned to the party that designated it Confidential, or the parties may elect to destroy Confidential documents. Where the parties agree to destroy Confidential documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

11. **Limited Purpose of Protective Order.** This Protective Order to Restrict Access shall not affect the following:

(a) A Party's right to object to any discovery request or seek an order compelling discovery with respect to any discovery request;

(b) A Party's right at any proceeding herein to object to the admissibility of any evidence on any ground;

(c) A Party's right to claim that any Confidential Material or other information is proprietary and/or otherwise barred from disclosure or use for any purpose;

(d) A Party's right to use its own Confidential Material in any manner it sees fit, without prior consent of any party or the Court;

(e) Any existing obligation or right with respect to Confidential Material; and

(f) A Party's right to seek and obtain additional or different protection with respect to the confidentiality of Information as that Party may deem appropriate.

(g) A Party's right to object pursuant to D.C.Colo LCivR 7.2(C).

12. **Miscellaneous.** The terms of this Protective Order to Restrict Access may be amended or modified only by written agreement of the Parties, upon motion by any Party for good cause, or upon motion and order of the Court. This Protective Order shall survive the termination of the Case, and shall be binding upon and inure to the benefit of the parties, their subsidiaries, affiliates, officers, agents, heirs, agents, representatives, and employees, and their respective successors, beneficiaries, and assigns. The Court shall have and retain ~~non-exclusive~~ jurisdiction ~~indefinitely~~ until Termination of This Case over the terms of this Protective Order to Restrict Access. A Party shall be entitled to seek from the Court or other appropriate court immediate injunctive relief to enforce the terms of this Protective Order to Restrict Access, and it shall not be a defense thereto that the aggrieved Party possesses an adequate remedy at law or that this Case has been dismissed. MJW

Dated: February 22, 2012

BY THE COURT:

*[signature]*

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO