IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01685-CMA-MJW

KEVIN KING,

Plaintiff,

v.

ROZEK COMPANY, an Iowa corporation, d/b/a "Microtek,"

Defendant.

---

**ORDER REGARDING
DEFENDANT'S REQUEST FOR ORDER CLARIFICATION
(Docket No. 52)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on Defendant's Request for Order of Clarification (docket no. 52).  The court has reviewed the subject motion (docket no. 52) and the response (docket no. 56).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law and order.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

2

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Defendant requests a modification of this court's Order Regarding Plaintiff's Motion to Compel (docket no. 51). In particular, Plaintiff requests that this court modify paragraph 3. in docket no. 51 and limit Mr. Kelso's scope of investigation to Scott Adam's computer **.pst data files** only wherein all Outlook journal entries and e-mails reside rather than the entire hard drive;

5. That paragraph 3. states:

> Mr. Kelso's investigation, and the information he is to provide to plaintiff, is limited to determining: (a) when the journal entries in question were created; (b) if and when they were modified; and (c) what if any additions or deletions were made. Mr. Kelso may not access or view any information contained on the hard drive which is not necessary to make this determination (except as may be necessary to access the portion of the hard drive where the journal entries in question are located);

6. That footnote 1 states:

> In other words, Mr. Kelso may access the journal entries' metadata. Metadata is defined as "[i]nformation about a particular data set or document which describes how, when, and by whom the data set or document was collected,

3

created, accessed, or modified." Managing Discovery of Electronic Information: A Pocket Guide for Judges (2d. ed. 2012);

7. That to limit Plaintiff to only the **.pst data files** is inadequate because there could be multiple **.pst data files** which can only be discovered by conducting a complete imaging of Mr. Adam's computer. A full image of Mr. Adam's hard drive is reasonable and necessary in order to insure that Plaintiff receives all metadata related to the journal entries dated April 16, 2009 and April 20, 2009. To do otherwise would deprive Plaintiff of this discoverable and relevant information on a key issue in this case. Moreover, within my Order (docket no. 51), I have entered a protective order and safeguards to address the concerns that Defendant has expressed in the subject motion (docket no. 52).

ORDER

WHEREFORE, based upon these findings of fact and conclusions of law this court ORDERS:

1. That Defendant's Request for Order of Clarification (docket no. 52) is GRANTED IN PART AND DENIED IN PART. The portion of this Motion seeking to limit the scope of Mr. Kelso investigation of Mr. Adam's computer is DENIED. The portion of the Motion seeking clarification is GRANTED, in part, as follows. To clarify, the parties

4

have up to and including November 29, 2012, to file any **additiona**l dispositive motions. The remainder of the Order (docket no. 51) does not need further clarification as requested by the subject motion (docket no. 52) and therefore the remainder of the Motion seeking further clarification of my Order (docket no. 51) is also DENIED.

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 27th day of July 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE