IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01685-CMA-MJW

KEVIN KING,

Plaintiff,

v.

ROZEK COMPANY, an Iowa corporation, d/b/a "Microtek,"

Defendant.

---

**ORDER ON
PLAINTIFF'S MOTION FOR SANCTIONS (Docket No. 64)
AND
PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY
(Docket No. 66)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 2) issued by Judge Christine M. Arguello on July 1, 2011.

Now before the court is Plaintiff's Motion for Sanctions (Docket No. 64) and Plaintiff's Motion to Exclude Expert Testimony (Docket No. 66). The court has carefully considered the Complaint (Docket No. 1), plaintiff's motions, defendant's responses (Docket Nos. 68 & 70), and plaintiff's replies (Docket Nos. 69 & 71). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

This matter involves allegations by plaintiff Kevin King that he suffered

2

discrimination and harassment, based on his race, while employed with defendant Rozek Company. Among plaintiff's allegations is that a co-worker, Jason Rice, played racist videos and songs during work hours. Through discovery, plaintiff learned that defendant's general manager, Scott Adams, investigated a particular incident in April 2009 involving Mr. Rice and a racist video. Mr. Adams claims to have conducted interviews with several individuals, including Mr. Rice and a co-worker Chris Motley, in an attempt to investigate the incident. Mr. Adams further claims he made computer journal entries on or about April 16, 2009 and April 20, 2009 regarding these interviews and his investigation.

Plaintiff deposed Mr. Rice and Mr. Motley. Both individuals appear to have no recollection of Mr. Adams having interviewed them regarding the April 2009 incident. Plaintiff thus suspected that Mr. Adams' notes were not created during an investigation, but rather were created some time after "in an attempt to prove that [defendant] took prompt, remedial action."

On July 13, 2012, the court entered an order (Docket No. 51) compelling defendant to allow plaintiff's expert to make a mirror image of Mr. Adams' hard drive for the purpose of determining when the journal entries were actually created. According to plaintiff's expert's investigation, the journal entries were created in March and April of 2010.

Plaintiff now moves the court to impose sanctions on defendant for its allegedly misleading and dishonest conduct regarding the journal entries. Plaintiff asks the court to enter default judgment against defendant, or in the alternative, order that the jury instructions specifically state that defendant conducted no investigation into plaintiff's

complaints.

In addition, plaintiff moves to exclude defendant's designated computer forensics expert and any report he may create. Plaintiff points out that defendant failed to provide their expert's report by the September 28, 2012 deadline set by the court in the July 13, 2012 order (Docket No. 51).

**Motion for Sanctions**

Plaintiff argues the court should enter default judgment against defendant pursuant to Fed. R. Civ. P. 37(c) and/or the court's "inherent power to protect the integrity of the judicial process." In his motion, plaintiff relies on a five factor test found in Chavez v. City of Albuquerque, 402 F.3d 1039 (10th Cir. 2005), to argue that default judgment is appropriate. However, the court finds that the factors found in Chavez are not applicable to this matter. In Chavez, the Tenth Circuit was considering dismissal of the action as a sanction for perjury committed by the plaintiff. 402 F.3d at 1043-46. Dismissal of an action and entering judgment against a defendant are significantly different actions that can be taken by a court. This distinction is especially apparent in view of the fact that the burden of proof rests with the plaintiff, and not with the defendant. As such, entering judgment as a sanction against a defendant is a more drastic action than dismissing a plaintiff's claims as a sanction. Furthermore, plaintiff does not cite to any cases in which the Chavez factors were applied to default judgment as a sanction. Accordingly, the court finds that Chavez is inapplicable to this matter.

Plaintiff does cite to F.D.I.C. v. Daily, 973 F.2d 1525 (10th Cir. 1992), as a case in which default judgment was entered as a sanction. In Daily, the court ordered default judgment against the defendants as a sanction for inadequate discovery responses and

failure to follow court orders. The court found that default judgment may be warranted "when counsel engages in deliberate, dilatory tactics for a client's benefit." Daily, 973 F.2d at 1529.

The court finds that this matter is distinguishable from Daily. Here, there are no allegations related to deliberate, dilatory conduct by defense counsel. This matter involves apparent factual inconsistencies discovered by plaintiff through the discovery process. It is not proper for a court to order sanctions against a party for apparent factual inconsistencies. First, as noted by plaintiff, there may still exist disputed material issues of fact regarding Mr. Adams' investigation. Second, it is the job of the fact finder, not the court, to determine questions of fact, such as Mr. Adams' credibility.

Plaintiff may seek to impeach Mr. Adams during trial. However, a sanction in the form of default judgment is not appropriate in circumstances such as this. Accordingly, the court finds that plaintiff's Motion for Sanctions should be denied.

**Motion to Exclude Expert Testimony**

As part of the court's July 13, 2012 order (Docket No. 51) granting plaintiff's request to take a mirror image of Mr. Adams' hard drive, the court ordered that defendant would have until September 28, 2012 "to endorse its own forensic computer expert and provide a report pursuant to Fed. R. Civ. P. 26(a)(2)(B) to plaintiff." Plaintiff now moves to exclude defendant's expert witness due to defendant's failure to provide plaintiff with an expert report by the September 28, 2012 deadline. The parties do not dispute that defendant made a proper designation on September 28, 2012.

Fed. R. Civ. P. 26(a)(2)(A) states that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of

5

Evidence 702, 703, or 705." "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report" if the witness is to give expert testimony. Fed. R. Civ. P. 26(a)(2)(B).

The decision whether to strike an expert witness is vested within the sound discretion of the trial court. See <u>Munoz v. St. Mary-Corwin Hosp.</u>, 221 F.3d 1160, 1168 (10th Cir. 2000). The court has broad discretion to enforce its scheduling orders. <u>See</u> <u>Geiserman v. MacDonald</u>, 893 F.2d 787, 790 (5th Cir. 1990). Deadlines established by the court in the Scheduling Order are not merely aspirational. See <u>Young v. City of Palm Bay</u>, 358 F.3d 859, 864 (11th Cir. 2004). Accordingly, the failure of a party to provide an expert report pursuant to a deadline established by the court is grounds for exclusion of the expert witness. <u>See</u> Fed. R. Civ. P. 37(c)(1); <u>Sims v. Great Am. Life Ins. Co.</u>, 469 F.3d 870, 895 (10th Cir. 2006).

Defendant does not dispute that its designated expert witness falls under the Rule 26(a)(2)(B) expert report requirement. Defendant does not contend that a separate expert report was provided to plaintiff. Further, defendant did not move for an extension to the September 28, 2012 deadline. Indeed, defendant essentially offers no substantial explanation for the missing expert report. Instead, defendant argues that plaintiff has not demonstrated sufficient prejudice to justify the exclusion of defendant's expert.

Although the court is concerned about defendant's actions, the court agrees with defendant that plaintiff is not sufficiently prejudiced. The final pretrial conference in this matter is not scheduled until January 15, 2013. A trial date in this matter has not been set. In addition, the exclusion of defendant's expert witness would have a substantial

6

effect on defendant's case. Accordingly, the court finds that exclusion of defendant's expert witness is not appropriate.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Sanctions (Docket No. 64) is **DENIED.** It is further

**ORDERED** that Plaintiff's Motion to Exclude Expert Testimony (Docket No. 66) is **DENIED**. It is further

**ORDERED** that defendant may contact Magistrate Judge Watanabe's chambers to gain access to the two hard drives currently restricted to level 3 access by order of the court (Docket No. 60). Defendant's expert is ordered not to make any alterations to the hard drives. Defendant shall have up to and including November 19, 2012 to provide its expert report, in full compliance with Fed. R. Civ. P. 26(a)(2)(B), to plaintiff. The parties shall have up through and including December 21, 2012 to depose each party's expert witness. Each party's expert witness may attend the deposition of the other party's expert witness. It is further

**ORDERED** that each party will be responsible for costs and fees associated with the subject motions.

Date: November 5, 2012          s/ Michael J. Watanabe
      Denver, Colorado          Michael J. Watanabe
                                United States Magistrate Judge