IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 11-cv-01685-CMA-MJW

KEVIN KING,

    Plaintiff,

v.

ROSEK COMPANY, an Iowa corporation, d/b/a "MICROTEK",

    Defendant.

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on Defendant's "Response to Plaintiff's Motion for Leave to File Supplemental Response to Defendant's Summary Judgment Motion, Request for Reconsideration of Order (Doc. # 59) and Motion to Strike." (Doc. # 61.)

On September 4, 2012, this Court issued an Order ("the Order") granting Plaintiff's Motion for Leave to File Supplemental Response to Defendant's Summary Judgment Motion. (Doc. ## 58, 59.) On September 11, 2012, one week after the Court issued the Order, Defendant filed the instant "Response." Rather than responding to the merits of Plaintiff's Motion, Defendant instead asks the Court to reconsider the Order and strike Plaintiff's Motion due to perceived violations of the District of Colorado Local Rules and this Court's Civil Practice Standards.[1]

---

[1] As Plaintiff observes, Defendant's Response is itself in violation of the Local Rules for the District of Colorado, which provides that "[a] motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper." D.C.COLO.LCivR 7.1C. Similarly, Defendant contends that Plaintiff's Motion should be stricken for failure to confer

Without delving too deeply into the alleged violations, the cases that Defendant cites in its Response stand for the proposition that a district court has **discretion** to strike materials that are in non-compliance with the Local Rules. *See Dubrovin v. The Ball Corp. Consol. Welfare Plan for Emps.*, No. 08-cv-00563, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009) (unpublished). The word "discretion" means that the Court is not required to strike any materials that are in non-compliance with the Local Rules. Here, the Court has already granted Plaintiff's Motion for Leave to File Supplement Response. Thus, to the extent that Plaintiff's Motion violated either the Local Rules or this Court's Practice Standards,[2] the Court has already exercised its discretion not to strike Plaintiff's Motion.

Based on the foregoing, it is ORDERED that Defendant's "Response to Plaintiff's Motion for Leave to File Supplemental Response to Defendant's Summary Judgment Motion, Request for Reconsideration of Order (Doc. # 59) and Motion to Strike" (Doc. # 61) is DENIED.

---

under D.C.COLO.LCivR 7.1A because Plaintiff waited only a few hours between contacting Defendant and filing its Motion for Leave to File Supplemental Response. However, Defendant did not confer with Plaintiff in filing the instant "Response," which is actually a motion subject to the duty to confer.

[2] Based on the Court's review of the relevant briefing, it does not appear that Plaintiff violated either the Local Rules or this Court's Civil Practice Standards. In any event, none of the alleged violations are so egregious that the Court is persuaded that it should exercise its discretion to strike Plaintiff's Motion and withdraw the Order.

It is FURTHER ORDERED that Defendant shall have fourteen (14) days from the date of this Order to file a reply in support of its pending motion for summary judgment. (Doc. # 40.)

DATED: November  27 , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge