**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-01685-CMA-MJW

KEVIN KING,

    Plaintiff,

v.

ROSEK COMPANY, an Iowa corporation, d/b/a "MICROTEK",

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

This matter is before the Court on Defendant Rozek Company's ("Defendant") Motion for Summary Judgment, filed on June 7, 2012. (Doc. # 40.) Plaintiff Kevin King responded on July 2, 2012,[1] and Defendant replied on December 11, 2012. (Doc. ## 48, 75.) Based on Plaintiff's Response, it appears that Plaintiff brings three claims for relief.[2] First, Plaintiff contends that Defendant violated Title VII and § 1981 by creating a hostile work environment.[3] Second, Plaintiff contends that Defendant retaliated against

---

[1] Plaintiff also submitted a Supplemental Response (Doc. # 58-5), which the Court accepted as filed. (Doc. # 59.)

[2] Plaintiff's Complaint is no model of clarity, as he merely alleges that Defendant violated 42 U.S.C. § 2000e, *et seq.* ("Title VII") and 42 U.S.C. § 1981 without distinguishing amongst the different types of claims that may be brought under those statutes. (Doc. # 1.) To the extent that Plaintiff sought to bring any claim not discussed in the body of this Order, such a claim was not apparent from Plaintiff's Complaint or his briefing.

[3] "The elements of a hostile work environment claim under § 1981 are the same as those under Title VII." *Tademy v. Union Pac. Corp.*, 520 F.3d 1149, 1170 (10th Cir. 2008) (quotations and alterations omitted).

him for complaining about Defendant's discriminatory practices, in violation of Title VII and § 1981. Third, Plaintiff brings a claim for constructive discharge.

To establish a claim for hostile work environment on the basis of race, Plaintiff must show that "a supervisor or co-worker's conduct unreasonably interferes with an individual's work performance or creates an intimidating, hostile, or offensive work environment." *See Wright-Simmons v. City of Oklahoma City*, 155 F.3d 1264, 1269 (10th Cir. 1998). The conduct that Plaintiff was subjected to must be "severe or pervasive enough to create . . . an environment that a reasonable person would find hostile or abusive," and that he "subjectively perceive[d] the environment to be abusive." *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S 17, 21 (1993)). Upon review of the evidence, the Court finds that there are genuine issues of material fact that preclude a grant of summary judgment on this claim.[4] Although most of the

---

[4] Virtually every fact alleged by Defendant is disputed, and for good reason. Although it is a close question as to whether the evidence offered by Plaintiff is sufficient to bring a hostile work environment claim, Defendant does itself a disservice by selectively cherry-picking from the evidentiary record. For example, Defendant asserts that it only received one complaint from Plaintiff about Jason Rice's conduct. (Doc. # 40, ¶ 4.) As Plaintiff observes, this is directly contradicted by Defendant's own statement of the facts; indeed, in the next paragraph Defendant chronicles another time that Plaintiff complained about an arguably racist comment made by Mr. Rice. (*Id.*, ¶ 5.) Additionally, at his deposition, Plaintiff testified about numerous other complaints he made to his supervisors. (*See, e.g.*, Doc. # 48-10 at 148:14-25; 71:17-21; 75:14-18; 77:11-78:2; 79:13-80:1.) Another example of Defendant's selective use of the evidentiary record is its assertion that Plaintiff did not know what his co-workers Mr. Rice and Chris Motley were earning. (Doc. # 40, ¶ 10.) In the portion of the deposition cited by Defendant, Plaintiff indeed testified that he did not know how much Mr. Rice and Mr. Motley were earning. (Doc. # 40-5 at 205:22-25.) However, Defendant omits the fact that Plaintiff recanted his earlier testimony and testified that he knew how much Mr. Rice and Mr. Motley were earning. (Doc. # 48-10 at 261:6-10.) Defendant also makes a number of factual assertions that are unsupported by its citations. For example, Defendant asserts that Plaintiff was not passed over for any promotions, and that Defendant had no positions available in which he could be promoted. (Doc. # 40, ¶ 11.) The deposition testimony cited by Defendant concerns Plaintiff's transfer to another department in late November 2008, and has nothing to do with whether Plaintiff was passed over for a promotion in early 2009.

"intimidating, hostile, or offensive" conduct may be attributed to Jason Rice, one of Plaintiff's co-workers, the Tenth Circuit has held that an employer may be held liable if the employer knows of the conduct and fails to respond in a reasonable manner. *See id.* at 1269-70.  Here, there are genuine disputes of fact as to Defendant's knowledge of Mr. Rice's conduct and whether Defendant reasonably responded to that conduct.

Next, the Court finds that there are also genuine issues of material fact that preclude a grant of summary judgment on Plaintiff's retaliation claim.  To establish a *prima facie* case of retaliation, Plaintiff must demonstrate that: (1) he was engaged in protected activity; (2) suffered an adverse employment action; and, (3) there was a causal connection between the protected activity and the adverse action.  *Mathews v. Denver Newspaper Agency, LLP*, 649 F.3d 1199, 1210 (10th Cir. 2011).  It is uncontested that Plaintiff was engaged in protected activity when he complained about Mr. Rice's conduct to his supervisors.  Because of his complaints, Plaintiff contends that he was denied raises and passed over for a promotion.[5]  Such actions, if proven, constitute adverse employment actions.  *See Trujillo v. N.M. Dep't of Corr.*, 182 F.3d 933, at *4 (10th Cir. 1999) (unpublished) ("it is well established that a failure to promote

---

[5] Plaintiff alleges a number of other "adverse actions" such as denial of certain work privileges, Defendant's failure to follow its own company policy, and receiving dirty looks from management.  (Doc. # 48 at 15-17.)  The Court finds that these alleged acts do not constitute adverse employment actions because they effected no change to Plaintiff's employment status.  *See Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1222 (10th Cir. 2006) (defining adverse employment actions as acts that "constitute a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.").

constitutes an adverse employment action in a Title VII retaliation claim."). Given the temporal proximity between these adverse employment actions and Plaintiff's complaints, the Court finds that there is a genuine dispute as to whether Plaintiff was denied a promotion or a raise because of unlawful retaliation by Defendant.

Turning to Plaintiff's constructive discharge claim, he must show that Defendant's actions "made working conditions so difficult that a reasonable person in the employee's position would feel compelled to resign." *E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 805 (10th Cir. 2007) (female employee not constructively discharged, despite evidence the defendant consistently subjected female employees to derogatory and explicit comments). The Court finds that Plaintiff has presented insufficient evidence to show that he was constructively discharged when he resigned on June 4, 2010. (Doc. # 40-2.) Although Plaintiff has presented sufficient evidence to sustain a hostile work environment claim based on Mr. Rice's conduct, the Court notes that Mr. Rice was terminated in January of 2010 and Plaintiff alleges no overt racial comments or conduct by anyone else after Mr. Rice's termination. Considering that Plaintiff remained at Rozek during the entirety of Mr. Rice's tenure, it undermines his assertion that working conditions became so intolerable by June 4, 2010 that he was forced to resign. Thus, Plaintiff has not met his "substantial" burden of showing that his working conditions were "intolerable." *See PVNF*, 487 F.3d at 805.

Accordingly, it is ORDERED that Defendant's Motion for Summary Judgment (Doc. # 40) is GRANTED IN PART and DENIED IN PART. Specifically, Defendant's

Motion is GRANTED with regard to Plaintiff's constructive discharge claim, and DENIED in all other respects.

DATED:  January  14 , 2013

BY THE COURT:

*[signature: Christine M Arguello]*

CHRISTINE M. ARGUELLO
United States District Judge